IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Amina Elzeneiny**  )<br>2130 P Street, N.W.  )<br>Apt. 503  )<br>Washington, D.C. 20037  )<br>  )<br>    **Plaintiff**  )<br>  )<br>v.  )<br>  )<br>**District of Columbia**  )<br>Serve: Mayor Adrian M. Fenty  )<br>1350 Pennsylvania Avenue, N.W.  )<br>Room 419  )<br>Washington DC 20004  )<br>  )<br>Serve:  Office of the Attorney General  )<br>441 4th Street, N.W., Suite 600 South  )<br>Washington, D.C.  20001  )<br>  )<br>    And  )<br>  )<br>**D.C. Office of Budget and Planning**  )<br>**Office of the Chief Financial Officer**  )<br>    **Of the District of Columbia**  )<br>1350 Pennsylvania Avenue, N.W.  )<br>Washington, D.C. 20004  )<br>  )<br>    **Defendants**  ) | Civil Action No. _____<br><br>JURY DEMAND |

**COMPLAINT**

1. This court has jurisdiction over this lawsuit under 28 U.S.C. §1343(a) and because this action arises under 42 U.S.C. § 2000e, *et seq.* of Title VII of the Civil Rights Act of 1964 as amended ("Title VII"), the Americans with Disabilities Act of 1990

1

("ADA"), 42 U.S.C. § 12117, and the District of Columbia Human Rights Act ("DCHRA").

2. Plaintiff has exhausted administrative remedies because on or about March 28, 2006, she filed a charge of discrimination and retaliation against Defendant with the D.C. Office of Human Rights. On March 17, 2008, Plaintiff received the final agency decision finding no probable cause, which is within 90 days of filing this complaint

3. Plaintiff is a budget analyst with Defendant D.C. Office of Budget and Planning.

4. Plaintiff has a disability within the meaning of the ADA and the DCHRA. More specifically, plaintiff has fibromyalgia, a physical impairment that substantially limits one or more major life activities, has a record of her impairment, and is regarded by the District of Columbia as having such an impairment.

5. Because of her disability, plaintiff suffers from severe muscle and joint pain and recurrent, and at times, severe fatigue.

6. Plaintiff is a qualified individual with a disability as that term is defined by the ADA and the DCHRA in that plaintiff is an individual with a disability who, with reasonable accommodations, can perform the essential functions of her job.

7. In January 2003, plaintiff informed the branch chief about her disability. Plaintiff also provided defendants a letter from her physicians describing her disability. Between January 2003 and December 2004, plaintiff requested reasonable accommodations in the form of an ergonomic chair, the use of flexible time, telecommuting, filing cabinets, a laptop, handicap access, a desktop printer, and to be allowed to stay in her cubicle, which she had arranged in a way to minimize aggravation of her disability.

8. Defendants failed to provide plaintiff with the reasonable accommodations requested or only did so after an inordinate amount of time and a long and protracted battle.

9. In response to plaintiff's requests for accommodation, defendant subjected plaintiff to a hostile work environment and retaliated against her.

10. Defendants were indiscrete about plaintiff's disability and her request for accommodations.

11. Defendants attempted to communicate directly with plaintiff's doctor without her permission.

12. Defendants made negative comments about plaintiff's disability and her work performance openly in the workplace.

13. Defendants openly accused plaintiff of wrongdoing when there was no evidence of wrongdoing.

14. Plaintiff complained to defendants of the harassment and retaliation, but to no avail.

15. Because of her disability and in retaliation, defendants failed to promote her and to properly evaluate her job performance.

COUNT I

(ADA and Title VII)

16. Plaintiff incorporates paragraphs 1-15 as if restated verbatim herein.

17. Defendants have violated the ADA and Title VII by intentionally discriminating against plaintiff because of her disability, failing to make reasonable accommodations, creating a hostile work environment, and retaliating against her.

18. As a direct and proximate result of defendants' willful and intentional violation of the ADA and Title VII, plaintiff has suffered a loss of pay, lost retirement benefits, and emotional distress and mental anguish which have exacerbated her disability.

19. Plaintiff is entitled to an award of attorney's fees and costs pursuant to 42. U.S.C. § 12205.

20. Plaintiff seeks judgment against defendants for (1) the full salary she is entitled to, (2) back pay, (3) lost retirement benefits, (4) $300,000 in pain and suffering, (5) an award of attorney's fees and costs, (6) punitive damages, and (7) other relief the court deems appropriate.

## COUNT II

### (DCHRA)

21. Plaintiff incorporates paragraphs 1-21 as if restated verbatim herein.

22. Defendants have violated the DCHRA by intentionally discriminating against plaintiff because of her disability, failing to make reasonable accommodations, creating a hostile work environment, and retaliating against her.

23. As a direct and proximate result of defendants' willful and intentional violation of the DCHRA, plaintiff has suffered a loss of pay, lost retirement benefits, and emotional distress and mental anguish which have exacerbated her disability.

24. Plaintiff seeks judgment against defendants for (1) the full salary she is entitled to, (2) back pay, (3) lost retirement benefits, (4) $300,000 in pain and suffering, (5) an award of attorney's fees and costs, (6) punitive damages, and (7) other relief the court deems appropriate.

Respectfully submitted,

BENTON POTTER & MURDOCK, P.C.


\_\_/s/ John M. Murdock_____
Kathy C. Potter (DC Bar # 448446)
John M. Murdock (DC Bar # 415765)
2300 M Street, N.W., Suite 800
Washington, D.C. 20037
(202) 416-1660
(202) 330-5487 (fax)
kcp@bentonpottermurdock.com
jm@bentonpottermurdock.com

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS

Amina Etzeneiny
2130 P Street, N.W., Apt 503
Washington, D.C. 20037

## DEFENDANTS

District of Columbia, ETAL
1350 Pennsylvania Avenue, N.W., Room 419
Washington, D.C. 20004

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   Washington, D.C.
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)   Washington, D.C.
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Kathy C. Potter
John M. Murdock
Benton, Potter & Murdock, P.C.
2300 M Street, N.W., Suite 800
Washington, D.C. 20004
(202) 416-1660

Case: 1:08-cv-01026
Assigned To : Kollar-Kotelly, Colleen
Assign. Date : 6/16/2008
Description: Employ. Discrim.

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ⊙ 3 Federal Question (U.S. Government Not a Party)
- ○ 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ○ B. Personal Injury/ Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other)   OR   ○ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ⊗ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ⊗ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Title VII of the Civil Rights Act, 42 U.S.C. 2000e et seq., 42 U.S.C. 12117, discrimination and retaliation in violation of the Americans With Disabilities Act.

**VII. REQUESTED IN COMPLAINT**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ $300,000 + TBD   Check YES only if demanded in complaint
JURY DEMAND:   YES ☒   NO ☐

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE 6/16/08   SIGNATURE OF ATTORNEY OF RECORD *Katy C. Gotta*

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category You must also select one corresponding nature of suit found under the category of case

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.